Burket, J.
The substance of the petition is, that the persons who'assumed to act as directors of the association in the making of the deed of assignment, had ceased to be directors, and therefore had no power to make the deed, that they acted fraudulently, in bad *157 faith and against the interests of the stockholders, and that the assignee had full knowledge of the want of power, and of the fraud and bad faith, and actively participated therein.
That such a deed should be set aside and vacated, at the suit of any party in interest, needs no argument and no citation of authorities; and the only question in the court of common pleas was, whether that court had jurisdiction of the subject matter. The court was of opinion that it had not jurisdiction, and that the probate court alone had such jurisdiction, and therefore it dismissed the petition and struck the case from the docket. The question is as to the correctness of this ruling.
When a deed affecting a right of property has been made by one having no power to make a valid deed, or is made fraudulently, and accepted by the grantee with notice of the fraud or want of power, such deed may be set aside and vacated by the party whose property is thereby affected, by proper action for that purpose in the court of common pleas. This is conceded to be so as to all deeds except deeds of assignment for the benefit of creditors; and as to such deeds the plaintiffs in error insist that the probate court has exclusive jurisdiction. Is this so? The court of common pleas has jurisdiction of the subject matter of setting aside and vacating deeds for fraud or want of power to make them, in all cases, unless such jurisdiction has been taken away by statute, and such statute would have to be express, a mere implication arising from conferring the same jurisdiction upon the probate court wou-ld not be sufficient. Sutherland on Statutory Construction, Secs. 395, 396.
But we need not resort to' this rule. Our statutes confer jurisdiction upon the probate court to carry *158 the deed of assignment into execution; and while the same is being administered under the orders of the probate court, under and in pursuance of the trust created by such deed, it is clothed with all necessary equity powers to hear and determine all questions arising as to the property conveyed by the deed of assignment.
Taking the deed to be valid, the jurisdiction of the probate court extends only to causing the trust created thereby to be executed according to law; but it has no jurisdiction to set the deed aside, or vacate it for fraud, or other cause. The probate court has jurisdiction to act under the deed of assignment; but not in opposition to it. The full extent of the statute is that the probate court shall have jurisdiction to direct the execution of the trust under the deed, that is, “to qualify assignees, control their conduct and settle their accounts.” Section 524, Revised Statutes. But there is no statute prescribing that it shall have general equity power to set aside and vacate the deed of assignment; and such equity power is not implied from the power to act under the deed; and certainly no implication can arise from the granting of such power to act under the deed, that the court of common pleas is thereby deprived of its general equity jurisdiction as to setting aside and vacating deeds obtained by fraud.
It is therefore clear that the court of common pleas has jurisdiction in such cases, and that the probate court has no such jurisdiction. The judgment of the circuit court reversing the judgment of the common pleas, is therefore right and should be affirmed.
A showing is made in this court to the effect that said association and said Henry G. Pratt have, since this case has been pending in this court, made a set *159 tlement, and they plead that settlement, and ask this court to mark this case settled and dismissed. This cannot be doné. Mr. Pratt and the association are on one side of the controversy, and are charged in the petition with being in collusion with each other, and a settlement of their differences would not be a -settlement of the differences between them and the defendants in error. If the plaintiffs below proceed, as they have a right to do, after the case gets back into the court of common pleas (Moss v. Board of Education, 58 Ohio St., 354), and prosecute their action, and succeed in setting aside the deed of assignment, the assignee may learn that his settlements do not conclude the matter, and that the plaintiffs below have a right to be consulted and heard, before the matter is finally closed up.
It is further shown that a receiver has been appointed by the' court of common pleas since this case is pending here, and that he has now in his hands substantially all that is left of the estate of the association. When such an association becomes insolvent, it is best to wind it up through a receiver, rather than an assignee. In fact it has been doubted whether a building loan association can make an assignment for the benefit of creditors, under the statutes governing such corporations, but we do not find it necessary to decide that question in this case, as the question was not raised or relied upon in the petition, and was not passed upon by either of the courts below.

Judgment affirmed.

Shauck, C. J., Williams, Spear, and Davis, JJ., concurred.